ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DIVISION OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 NOV 29 P 3: 18

CLERK
CIVIL ACTION FILE NO. SO. DIST. OF GA.

KENNETH KEMP,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )
                                       )
NORFOLK SOUTHERN CORPORATION;          )
NORFOLK SOUTHERN RAILWAY               )
COMPANY and CHRIS NOWACK,              )
                                       )
          Defendants.                  )

**CV106-183**

### NOTICE OF REMOVAL

TO:    The Judges of the United States District Court for the Southern District of Georgia,

Augusta Division.

Pursuant to 28 U.S.C. §§ 1441 and 1446, Norfolk Southern Corporation, Norfolk Southern

Railway Company and Chris Nowak, the Defendants in the above-captioned case, hereby file this

Notice of Removal from the Superior Court of Richmond County, Georgia, to the U. S. District

Court for the Southern District of Georgia, Augusta Division, as follows:

1.    The Plaintiff has filed a Complaint against the Defendants in the Superior Court of

Richmond County, Georgia, bearing Civil Action File Number 2006-RCCV-756.

2.    On November 3, 2006, the Plaintiff filed his Complaint in the Superior Court of

Richmond County, Georgia. (See Exhibit "A" attached hereto.) Returns of service have been

made upon the Defendants and returned to the Court. (See Exhibit "B" attached hereto.)

Interrogatories have been served on the Defendants which are attached here to as Exhibits "C".

3.    In his Complaint, Plaintiff alleges that the Defendants are liable to him for personal

injuries which occurred on or about January 6, 2005, in Graniteville, Aiken County, South

Carolina.  The Plaintiff seeks actual and punitive damages from the Defendants.

4.    The removal of this case is based upon diversity of citizenship of the parties based

on a sham Defendant pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441. Additionally, this removal is based upon the federal officer doctrine pursuant to 28 U.S.C. §1442 and federal question jurisdiction pursuant to 28 U.S.C. §1331.

5.     Plaintiff is a citizen of Georgia. See Complaint, ¶ 1. Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company are Virginia corporations with their principal place of business in Norfolk, Virginia. Thus, these Defendants are citizens of Virginia. Defendant Chris Nowak is a Georgia resident; however, he has been fraudulently joined and should not be considered by this Court for purposes of diversity jurisdiction.[1]

6.     Defendant Chris Nowak has no involvement nor liability in this action as evidenced by his Affidavit. He is, therefore, a sham Defendant whose joinder does not defeat this Court's diversity jurisdiction. A copy of said Affidavit is attached hereto as Exhibit "D".

7.     The matter in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §1332(a). Plaintiff seeks recovery for past, present and future physical and mental pain and suffering, medical expenses, lost wages and punitive damages. (See Complaint, Paragraph 31). Plaintiff's counsel has alleged his client is still under going medical treatment and has been unable to work since January 6, 2005.

8.     This Notice of Removal is timely filed under the provisions of 28 U.S.C. §1446(b), having been filed within Thirty (30) days after service of the Complaint on the Defendants. Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company were served on November 6, 2006. Defendant Chris Nowak was served on November 10, 2006.

9.     The Plaintiff's lawsuit is pending in Richmond County, Georgia which is within the Southern District of Georgia, Augusta Division. Defendants believe this case should be

---

[1] " Fraudulent joinder is a term of art; it does not reflect on the integrity of Plaintiff or counsel but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse Defendant or in fact no cause of action exists". *Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D. Cal. 1979).

transferred to the District of South Carolina, Aiken Division pursuant to 28 U.S.C. §1404.

10.     Further, jurisdiction by this Court is appropriate under 28 U.S.C. §1331.  Norfolk Southern Railway Company is heavily regulated by the federal government and Plaintiff has alleged negligence per se by the Defendants for violation of statutes and/or regulations governing its training and retention of employees, control, operation, use, maintenance, inspection and/or transportation and handling of hazardous materials.  (See Complaint, Paragraphs 22 & 24). Plaintiff's claims involve issues related to speed, signage, warning devices and inspection which center on compliance with federal laws and regulations.  (See Complaint, Paragraphs 22 & 24). Plaintiff's claims require resolution of issues premised on the application of federal law and regulations and whether such federal law and regulations were violated.  Accordingly, federal issues are actually in dispute, the federal issues are substantial, and the exercise of jurisdiction by this Court is consistent with congressional judgment about the sound division of labor between the state and federal courts.  *See Grable & Sons Metal Products, Inc., v. Darue Engineering and Manufacturing, ___ U.S. ___, 162 L. Ed. 2d 257, 125 S.Ct. 2363, 2369-70 (2005)* (holding that federal question jurisdiction exists notwithstanding the fact that Congress did not provide a private right of action in the federal statute forming the basis of the substantial federal question); *See also, Ormet Corp., v. Ohio Power Co., 98 F.3d 799 (4th Cir. 1996)* (holding that where the resolution of a federal issue in a state-law cause of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory regime, the need for uniformity becomes a substantial federal interest, justifying the exercise of jurisdiction by federal courts).

11.     To the extent that this action alleges that Defendants failed to employ or incorporate adequate, necessary, reasonable safety and warning devices, procedures or practices into the switching devices, railway lines, tank cars, locomotives or other related equipment, this action is also removable based upon federal question jurisdiction, without regard

3

to diversity of citizenship, pursuant to 28 U.S.C. §1442(a)(1), in that:

A.  In complying with extensive regulations governing the operation of the trains in question and the transport and handling of hazardous materials, which regulations are mandatory, Defendants were acting under the direction of several federal regulatory agencies, including the United States Department of Transportation (DOT), the Federal Railway Administration (FRA) and the Research and Special Programs Administration (RSPA), among others.

B.  Compliance with these mandatory directions has caused the Defendants to be sued, to the extent this action alleges that Defendants failed to depart from the mandatory requirements applicable under federal law and regulation to the rail transport of hazardous materials.

C.  Defendants have colorable federal affirmative defenses to these claims, i.e., the preemptive provisions of the Federal Railroad Safety Act (FRSA), 49 U.S.C. §20106 and the pre-emptive provision of the Federal Hazardous Materials Transportation law (HMTA), 49 U.S.C. §5125(a)(1), (a)(2) & b.

12.  Defendants have given written notice of the filing of this Notice to Plaintiff and have likewise filed a written notice with the Clerk of the Richmond County Superior Court.

13.  By filing this notice, Defendants do not waive any available defense.

14.  The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact, it is warranted by existing law, and is not interposed for any improper purpose.

WHEREFORE, Defendants file this their Notice of Removal of said cause to this Court.

Respectfully submitted:

By:    _____
GEORGE R. HALL
Georgia Bar No. 318580
Attorney for Defendants
Norfolk Southern Corporation, Norfolk Southern
Railway Company and Chris Nowak

Of Counsel:
Hull, Towill, Norman, Barrett & Salley, P.C.
Post Office Box 1564
Augusta, Georgia 30903-1564
(706)722-4481

IN THE SUPERIOR COURT OF RICHMOND COUNTY

STATE OF GEORGIA

KENNETH KEMP,            )
                               )
     Plaintiff,        )
                               )     CIVIL ACTION FILE
v.                      )
                               )     NO.: 2006 RCCV 756
NORFOLK SOUTHERN    )
CORPORATION; NORFOLK   )
SOUTHERN RAILWAY COMPANY   )
and CHRIS NOWACK,     )
                               )
     Defendants.      )

WILLIAM M. FLEMING, JR.

06 NOV -6 PM 2: 10

CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GA.

## COMPLAINT

COMES NOW, Plaintiff, KENNETH KEMP, by and through his counsel of record, Chris G. Nicholson, and file this, his Complaint for Damages against the Defendants NORFOLK SOUTHERN CORPORATION; NORFOLK SOUTHERN RAILWAY COMPANY and CHRIS NOWACK and shows to this Honorable Court the following:

### PARTIES, JURISDICTION & VENUE

1.

Plaintiff KENNETH KEMP is a resident of Augusta, Richmond County, Georgia.



2.

Defendant NORFOLK SOUTHERN CORPORATION is a foreign corporation which owns real and personal property in Georgia and more particularly in Augusta, Richmond County, Georgia and which regularly conducts business in the State of Georgia, and, more particularly, in Augusta, Richmond County, Georgia.  The registered agent for service is F. Kennedy Hall, 577 Mulberry Street, Suite 1500, Macon, Bibb County, Georgia 31201.

3.

Defendant NORFOLK SOUTHERN RAILWAY COMPANY is a wholly owned subsidiary of NORFOLK SOUTHERN CORPORATION, foreign corporation which owns real and personal property in Georgia and more particularly in Augusta, Richmond County, Georgia and which regularly conducts business in the State of Georgia, and, more particularly, in Augusta, Richmond County, Georgia.

4.

Defendant CHRIS NOWACK is, upon information and belief, the manager for Defendant NORFOLK SOUTHERN RAILWAY COMPANY whose office is located at 3904 Goshen Industrial Blvd., Augusta, Richmond County, Georgia, 30906 and he may be served at that address.

5.

Based upon the facts as stated above, Jurisdiction and Venue are proper in this court.

## FACTS

6.

Chlorine gas at certain concentrations can cause serious injuries.

7.

The Plaintiff has suffered personal injuries as a result of the train disaster on January 6, 2005.

8.

On or about January 5, 2005, the NORFOLK SOUTHERN Defendants and, upon information and belief, their employee, Defendant CHRIS NOWACK were operating a train and its contents that originated in Augusta, Richmond County, Georgia and caused the subsequent events that occurred in Aiken County, SC.

9.

That after their arrival at Graniteville, South Carolina, the Defendants and their employees, BENJAMIN AIKEN, MIKE FORD, AND JAMES THORNTON, conducted and engineered said train into a side rail at approximately 7:00 p.m.

10.

That after guiding said train into the side rail, BENJAMIN AIKEN, MIKE

FORD, and JAMES THORNTON left for the remainder of the day.

11.

BENJAMIN AIKEN, MIKE FORD, and JAMES THORNTON, negligently

failed to realign the switch so that subsequent trains would remain on the line.

12.

That at approximately 2:45 a.m. the morning of January 6, 2005, and while

the 7:00 p.m. train remained parked on the side rail, NORFOLK SOUTHERN

Train No. 192, which included several cars containing hazardous materials, was

returning to Columbia, South Carolina  following the end of the line job in

Augusta, Georgia.

13.

The NORFOLK SOUTHERN Train No. 192 included UTLX Car No.

900270, a tanker car containing hazardous chlorine gas.

14.

BENJAMIN AIKEN, MIKE FORD, and JAMES THORNTON were the

engineer, conductor, and brake man on the 7:00 p.m. train, all of whom were

responsible for ensuring that the manual switch at the involved side rail was realigned for Train No.192.

15.

The NORFOLK SOUTHERN Defendants negligently lacked devices in place to alert an oncoming train of the switch's position, so as to prevent oncoming trains from inadvertently being directed onto the side rail.

16.

The NORFOLK SOUTHERN Defendants' Train No. 192, which included UTLX Car No. 900270, was negligently directed onto the side rail (instead of the main line) at Graniteville, South Carolina, where it collided with the parked 7:00 p.m. train. As a result of the collision, UTLX Car No. 900270 ruptured and the hazardous chlorine gas contained therein was released into the atmosphere.

17.

The hazardous chlorine gas released as a result of the collision cause real and permanent personal injuries to Plaintiff KENNETH KEMP.

# COUNT I

## DEFENDANTS NORFOLK SOUTHERN CORPORATION

## AND NORFOLK SOUTHERN RAILWAY COMPANY

## (Negligence)

### 18.

Plaintiff realleges his previous allegations as though fully set forth herein verbatim.

### 19.

At all times relevant, the NORFOLK SOUTHERN Defendants owned, operated and controlled the above- referenced trains, as well as the railway lines they were operating on and the manual switching device in Graniteville, South Carolina.

### 20.

At all times relevant, NORFOLK SOUTHERN Defendants employed BENJAMIN AIKEN, MIKE FORD, and JAMES THORNTON, who were acting within the course and scope of their employment, and as such, the negligence of BENJAMIN AIKEN, MIKE FORD, and JAMES THORNTON, is imputed to the NORFOLK SOUTHERN Defendants by virtue of *Respondeat superior*.

21.

At all times relevant, Plaintiff KENNETH KEMP was acting in a reasonably prudent and careful manner within the property of Avondale Mills in his capacity as an employee of said Avondale Mills.

22.

The collision described above, as well as the subsequent leak of hazardous chlorine gas and the resulting damages to KENNETH KEMP, were proximately caused by the willful, wanton, reckless, grossly negligent and negligent acts of the NORFOLK SOUTHERN Defendants, including, but not limited to:

a.    Failing to operate the above- referenced trains, the railways line and the switching device described above in a reasonable and safe manner;

b.    Failing to incorporate adequate, reasonable and necessary safety and warning devices into Train No. 192, the railway lines, and the manual switching device described above;

c.    Failing to incorporate adequate, reasonable and necessary safety and warning devices into Train No. 192, the railway lines, and the manual switching device described above that could not be removed, disabled, vandalized, or otherwise circumvented;

d.     Failing to warn KENNETH KEMP of the dangerous characteristics of its trains, railway lines, manual switching devices and materials being transported.

e.     Failing to timely warn KENNETH KEMP of the hazards posed by exposure to the contents of UTLX Car No. 900270 that were known, or should have been known, to the NORFOLK SOUTHERN Defendants at all times herein;

f.     Failing to exercise reasonable care in the handling of UTLX Car No. 900270 to avoid or reduce the hazardous effects of exposure to the contents of said car to the real and personal property of the named Plaintiff;

g.     Failing to inspect, maintain, repair or replace UTLX Car No. 900270 in a reasonable fashion;

h.     Failing to provide Defendant NORFOLK SOUTHERN'S employees and agents with the training and knowledge as to what would be reasonably safe and sufficient safety measures, devices and warnings in the operation of its trains, railway lines and manual switching devices;

i.    Failing to take reasonable precautions or to exercise reasonable care to publish, adopt and execute a safe evacuation plan in the event of a release of hazardous materials following a collision;

j.    Failing to exercise reasonable care in warning and evacuating of KENNETH KEMP from the collision and release of hazardous chlorine gas in a timely and adequate fashion;

k.    Failing to conform to state law and other regulations governing train and railroad safety;

l.    Failing to conform to a reasonable standard of conduct under all of the circumstances;

m.    Failing to exercise reasonable care in the hiring, training, supervision and retention of their employees in general;

n.    Failing to equip Train No. 192 with equipment to control or otherwise deal with the chemical spill after its release; and

o.    Such other and further particulars as may be found during discovery. As a direct and proximate result of the NORFOLK SOUTHERN Defendants' willful, wanton, reckless, grossly negligent, and negligent acts as set out above, KENNETH KEMP has suffered severe personal injuries as outlined above.

23.

Upon information and belief, at all times relevant, BENJAMIN AIKEN, MIKE FORD, and JAMES THORNTON operated and controlled the 7:00 p.m. train, the railway lines and the manual switching device in Graniteville, South Carolina.

24.

Upon information and belief, the collision described above, as well as the subsequent leak of hazardous chlorine gas and resulting damages to KENNETH KEMP was proximately caused by the willful, wanton, reckless, grossly negligent and negligent acts of BENJAMIN AIKEN, MIKE FORD, and JAMES THORNTON, including but not limited to:

     a.    Failing to operate the above- referenced trains, the railway lines and the switching device described above in a reasonable and safe manner;

     b.    Failing to warn KENNETH KEMP of the dangerous characteristics of the trains, railway lines, manual switching devices and materials being transported;

     c.    Failing to timely warn KENNETH KEMP of the hazards posed by exposure to the contents of UTLX Car No. 900270;

d.    Failing to exercise reasonable care to protect KENNETH KEMP of the hazards posed by exposure to the contents of UTLX Car No. 900270;

e.    Failing to inspect, maintain, repair or replace UTLX Car No. 900270;

f.    Failing to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safe evacuation plan in the event of a release of hazardous materials following a collision;

g.    Failing to exercise reasonable care in warning and evacuation KENNETH KEMP of the collision and release of hazardous chlorine gas in a timely and adequate fashion;

h.    Failing to conform to state laws and regulations governing train and railroad safety;

i.    Failing to conform to a reasonable standard of conduct under all of the circumstances; and,

j.    Such other and further particulars as may be found during discovery.

## COUNT II

## ALL DEFENDANTS

## (Common Law Strict Liability)

### 25.

Plaintiff repeats and realleges all previous allegations as though fully set forth herein verbatim.

### 26.

In transporting hazardous chlorine gas, the Defendants are engaged in ultra hazardous activities and the use of dangerous instrumentalities. As such, the Defendants are strictly liable for any damages that arise from those ultra hazardous activities and use of dangerous instrumentalities.

### 27.

As a direct and proximate result of the ultra hazardous activities and use of dangerous instrumentalities by the Defendants, KENNETH KEMP suffered the injuries described above.

# COUNT III

## ALL DEFENDANTS

### (Punitive Damages)

### 28.

That the named defendants were grossly negligent and wanton in their conduct.

### 29.

The Defendants' conduct, actions, and omissions show by clear and convincing evidence that the Defendants, through their employees, acted with that entire want of care which would raise the presumption of a conscious indifference to the consequences.

### 30.

The Plaintiff is thus entitled to an award of punitive damages to deter such conduct in the future.

## DAMAGES & PRAYER

### 31.

That as a sole and proximate cause of the Defendants' negligence, the Plaintiffs have incurred the following damages which are recoverable under the laws of the State of South Carolina and Georgia:

## I. GENERAL DAMAGES:

a. Present bodily pain from the date of injury to the time of trial;

b. Future bodily pain;

c. Past, present and future mental suffering due to permanent injuries and monetary loss;

d. Loss of enjoyment of life and recreation due to the fact that Plaintiff is not physically and emotionally capable of being the same person he was prior to being injured; and,

e. Punitive damages.

## II. SPECIAL DAMAGES:

a.. Presently incurred medical expenses;

b. Medical expenses that will most likely be incurred in the future because Plaintiff's injuries will persist;

c. Expense of travel for medical treatment; and,

d. Lost wages.

WHEREFORE, having set out the true allegations contained herein, your Plaintiff respectfully prays that he will be granted the following:

a. That Plaintiff be granted judgement against the Defendants in the form of special and general damages in an amount to be determined by the

enlightened conscious of a fair and impartial jury;

b.    That Plaintiff has a trial by jury as to all issues;

c.    That Plaintiff be granted all costs of bringing this; and,

d.    That the Court grant such other and further relief as it deems just and

proper

This 2nd day of November, 2006.

_____
Chris G. Nicholson
Georgia Bar No.: 543275
Attorney for Plaintiff

OF COUNSEL:
Chris G. Nicholson &
Cecilia A. Toole
Attorneys at Law
16 Ninth Street at Riverwalk
Augusta, GA 30901
(706) 724-0566 - phone
(706) 724-3301 - fax

☑ 002/002

Case No. _2006 RCCV 756_

Date Filed _11/3/04_

Juvenile Court ☐
State Court ☐
Superior Court ☑
Georgia, Richmond County

_Kenneth Kemp_

_____ Plaintiff

Attorney's Address

Chris G. Nicholson
16 Ninth St. @ Riverwalk
Augusta, Ga. 30901

VS.

_Norfolk Southern Corporation_
_Norfolk Southern Railway_
_Company and_          Defendants
_Chris Nowack_

Name and Address of Party to be Served

F. Kenneth Hall, Registered Agent
for Norfolk Southern Corporation
577 Mulberry St., Ste. 1500
Macon, GA. 31201

**RECEIVED**

NOV 06 2006

CIVIL PROCESS-BIBB COUNTY

22549

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hand of _____ described as follows: age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _Norfolk Southern Corporation_ a corporation by leaving a copy of the within action and summons with _F. Kenneth Hall, Reg. Agent._ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _6th_ day of _Nov._ _2006._

_Lt. Thomas H. Bates, III._
_Bibb County, Ga._          DEPUTY

SHERIFF DOCKET _____ PAGE _____

IN THE SUPERIOR COURT OF RICHMOND COUNTY

STATE OF GEORGIA

KENNETH KEMP,               )
                           )
        Plaintiff,         )
                           )
v.                         )    CIVIL ACTION FILE
                           )
NORFOLK SOUTHERN           )    NO.: 2006 RCCV 756
CORPORATION; NORFOLK       )
SOUTHERN RAILWAY COMPANY   )
and CHRIS NOWACK,          )
                           )
        Defendants.        )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

**TO:   NORFOLK SOUTHERN CORPORATION, NORFOLK SOUTHERN RAILWAY COMPANY, AND CHRIS NOWACK**

In accordance with the applicable rules and statutes governing practice and procedure relating to discovery, you are required to answer separately and fully in writing, under oath and within the time required by law, the interrogatories attached hereto and labeled Exhibit "A". These interrogatories shall be deemed continuing so as to require supplemental answers if further information is obtained between the time answers are served and the time of trial.

The interrogatories are directed to you, but require information obtained by you and your agents, servants, employees, representatives, investigators, adjusters, and others who are in possession of or may have obtained information for or on your behalf.

## EXHIBIT "A"

1. State your full and correct name, home and business address, and home and business telephone numbers.

2. State full name and last known address of every person known to you who has any knowledge regarding the facts or circumstances concerning the events described in the Complaint, including the happening of the incident and the injuries, also including, but not limited to, eye witnesses to such an event and medical witnesses and other persons having any knowledge thereof.

3. If any of the persons listed in the answer to the preceding interrogatory are related to you or to each other, please state the nature of such relationship.

4. State the name and address or information for the location of every person known to you who may have any knowledge of, information of,

or possession of any map, plat, picture, photograph, drawing, or other document pertaining to any issue or fact involved in this controversy or to the occurrence referred to in the Complaint.

5.    Attach to your response to these interrogatories a copy of any such map, plat, picture, photograph, drawing, or other document referred to in the preceding interrogatory, or, in the alternative, state when and where counsel for Plaintiffs may inspect and/ or copy the same.

6.    State whether or not you or any one acting on your behalf, obtained statements in any form from the Plaintiffs pertaining to any issue of fact involved in or related to this controversy, and if so, state:

a.    The type of each statement;

b.    To whom each such statement was made;

c.    The substance of each statement; and

d.    Attach a copy of each written recorded statement as an answer to this interrogatory, or, recorded and no transcription exist thereof is available, state when and where counsel for Plaintiff may inspect and/ or copy same.

7. State whether you, or any one acting on your behalf, obtained statements in any form from any person pertaining to any issue or fact involved in or related to this controversy, and, if so, state:

    a. Name and address of the person from whom each such statement was taken;

    b. The type of each such statement;

    c. To whom each statement was made; and

    d. Attach a copy of each written recorded statement as an answer to this interrogatory, or, recorded and no transcription exist thereof is available, state when and where counsel for Plaintiff may inspect and/ or copy same.

8. Have you been in a party in any other civil legal action either as a defendant or as a plaintiff similar to the one described in this Complaint? If so, state:

    a. Date and place each such action was filed, giving the name of the court, the name of the other party or parties involved, and the name of the attorneys representing each party;

b.    A description of the nature of each such action; and

c.    The results of such action.

9.    State in detail the manner in which you contend the occurrence referred to in the Complaint occurred.

10.    Does the Defendant contest that KENNETH KEMP was contributorily negligent? If so, state in detail all the facts upon which the Defendants base said contention, and state the name and present address of each witness who will testify as to said contention.

11.    If the answer to the foregoing interrogatory is in the affirmative, state the following:

a.    The identity of each person providing said testimony, specifying full name, address, and whether said testimony was written or oral;

b.    If oral testimony was provided, please state the name and address of person(s) receiving said testimony, the date on which it was received, whether it was transcribed and, if so, the name and address of the person(s) having custody of said transcription;

c.    If the testimony was written, please state the name and address of person(s) receiving said testimony, the date on which it was obtained, and the name and address of the person(s) having custody of said testimony;

d.    If evidence is purported to exist other than in the form of testimony, please describe each item and, if written or printed, state its verbatim contents or attach copies hereto in the alternative.

12.    Please state the amount of damage incurred by NORFOLK SOUTHERN Train No. 192.

13.    Do you intend to call an expert witness to trial as to any issues raised in the Plaintiff's Complaint? If so, state the following:

a.    Name, address, home and business telephone number of said expert;

b.    The subject matter upon which you expect the expert to testify;

c.    The qualifications of the expert to render testimony or an opinion as to the subject matter upon which he/ she will testify; and

INTERROGATORIES TO DEFENDANTS
PAGE 6

d.     The facts and opinions to which the expert is to testify and the summary of the grounds for each opinion.

14.   Please state any and all defenses which you have to allegations made in Plaintiff's Complaint which states that you were negligent in the operation of the train in question.

15.   Please state the names and addresses of the insurance companies and the limits of liabilities for policies of insurance which insured you while operating the train referred to in the Plaintiff's Complaint.

16.   Please state your intended destination and the reason for such destination on January 6, 2005.

17.   Are and CHRIS NOWACK regular employees of NORFOLK SOUTHERN? If so, state the date that said employment began, and state whether they are still in NORFOLK SOUTHERN'S employ.

18.   Please describe any disciplinary action either taken by, or considered by the NORFOLK SOUTHERN Defendants against and CHRIS NOWACK.

19.   State the name(s) of any person(s) who investigated and reviewed the subject train wreck.

20. State the name and full title of the NORFOLK SOUTHERN Defendants' safety director, or any other individual in charge of safety for your company.

21. State the exact time that the NORFOLK SOUTHERN Train No. 192 departed its place of origin, and what the scheduled arrival time was at the place of destination.

22. State whether your company has any form of conductors' logs and/ or logbooks in its possession for the date of the subject train wreck.

23. State whether the NORFOLK SOUTHERN Train No. 192 was transporting a load of any type at the time of the subject wreck.

24. If so, describe the load, and state the names, addresses, and telephone numbers of the shipper(s) and the names, addresses and telephone numbers of the consignee(s).

25. Who retains possession of repair and warranty invoices and bills covering the history of the subject NORFOLK SOUTHERN Train No. 192?

26. What was the result of any drug and/ or alcohol test administered to BENJAMIN AIKEN, MIKE FORD, or JAMES THORNTON after the subject wreck?

27.    Do you know whether BENJAMIN AIKEN, MIKE FORD, or

JAMES THORNTON has ever reported for duty while having a blood

alcohol concentration of 0.04 percent or greater?

28.    Has BENJAMIN AIKEN, MIKE FORD, or JAMES THORNTON

ever refused to submit to any alcohol or controlled substance test,

including, but not limited to, a post-accident alcohol or controlled

substance test?

This __3rd__ day of November, 2006.

_____

Chris G. Nicholson
Georgia Bar No.: 543275
Attorney for Plaintiff

OF COUNSEL:
Chris G. Nicholson &
Cecilia A. Toole
Attorneys at Law
16 Ninth Street at Riverwalk
Augusta, GA 30901
(706) 724-0566 - phone
(706) 724-3301 - fax

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

KENNETH KEMP,     )
           )  CIVIL ACTION FILE NO:
   Plaintiff,     )
           )
v.           )  _____
           )
NORFOLK SOUTHERN CORPORATION; )
NORFOLK SOUTHERN RAILWAY  )  AFFIDAVIT OF CHRIS NOWAK
COMPANY and CHRIS NOWACK,  )
           )
   Defendants.    )

PERSONALLY appeared before me Chris Nowak, improperly identified in Plaintiff's Complaint as Chris Nowack, who, after being duly sworn, deposes and states as follows:

1. I am over eighteen (18) years of age, and all statements made herein are based on my personal knowledge.

2. I am employed with Norfolk Southern Corporation ("Norfolk Southern") as Operations Manager for the Augusta, Georgia area. I was served with the Summons and Complaint in the above-captioned matter on November 10, 2006.

3. I started in my position as the Operations Manager for the Augusta, Georgia area in May of 2005.

4. I worked for Norfolk Southern in Charleston, West Virginia as a trainmaster until May of 2005. I held the position of trainmaster in Charleston, West Virginia at the time of the derailment that occurred in Graniteville, South Carolina on January 6, 2005.

5. At the time of the events giving rise to this case, on January 5 and 6, 2005, I held no responsibilities related to Train P-22, the Aiken local train referred to in paragraph 14 of the Complaint as the 7:00 p.m. train. Likewise, I had no responsibilities for the crews that worked Aiken local job and operated Train P-22.



6.     I did not operate the train originating from Augusta, Georgia, Train 192, on January 6, 2005, and I did not have any supervisory responsibilities over Train 192 or the crews that worked the Train 192 job.  In addition, I did not respond in any way to the derailment and subsequent chlorine release. I have no personal knowledge of the events described in the complaint.

7.     In my current position as Operations Manager for the Augusta, Georgia, area, I do not have any supervisory role or any other responsibility for the Norfolk Southern Aiken local train, otherwise known as Train P-22.

_____
Chris Nowak

SWORN TO before me this ᗡᗷ day
of November, 2006.

_____
Notary Public for Georgia     Notary Public, Richmond County, Georgia
My Commission Expires:____  My Commission Expires March 6, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date served a copy of the within and foregoing Notice of Removal by enclosing a copy of the same in the United States Mail, with adequate postage thereon, on the following counsel and parties of record:

Chris G. Nicholson, Esquire
16 Ninth Street at Riverwalk
Augusta, Georgia 30901

This ____ day of ____, 2006.

GEORGE R. HALL
Georgia Bar No. 318580
Attorney for Defendants
Norfolk Southern Corporation, Norfolk Southern
Railway Company and Chris Nowak

Of Counsel:
Hull, Towill, Norman, Barrett & Salley, P.C.
Post Office Box 1564
Augusta, Georgia 30903-1564
(706)722-4481

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

## CV106-183

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
KENNETH KEMP

### DEFENDANTS
NORFOLK SOUTHERN CORPORATION; NORFOLK SOUTHERN RAILWAY COMPANY AND CHRIS NOWACK

(b) County of Residence of First Listed Plaintiff  RICHMOND
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  RICHMOND
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Chris G. Nicholson, Esquire, 16 Ninth Street at Riverwalk, Augusta, Georgia 30901, 706-724-0566

Attorneys (If Known)
George R. Hall, Esquire, Hull, Towill, Norman, Barrett & Salley, Post Office Box 1564, Augusta, GA 30903-1564, 706-722-4481

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage |  |  |  |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability |  |  | ☐ 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☐ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331, 1332, 1367 (a) and 1441 (a)
Brief description of cause:
Tort action for chemical exposure

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Unspecified actual + Punitive damages
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Seymour
DOCKET NUMBER Many cases in SC District Ct

DATE  11-29-06
SIGNATURE OF ATTORNEY OF RECORD  /s/ R. Hull

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

| Case Caption | Case No. |
| --- | --- |
| Richard A. Ard v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1312-24 |
| Avondale Mills, Inc. v. Norfolk Southern Corporation, Norfolk Southern Railway Company, Benjamin Aiken, Mike Ford and Jimmy Ray Thornton | 1:05-2817-24 |
| Vera Bey, Heyward Booker, Marion Williams, and Jearold Young v. Norfolk Southern Corporation, Norfolk Southern Railway Company, Benjamin Aiken, Mike Ford and Jimmy Ray Thornton | 1:05-1811-24 |
| James Bowers v. Norfolk Southern Railway Company | 1:06-1275-24 |
| Ronnie Chavious, Individually and on behalf of others similarly situated v. Benjamin Aiken, Mike Ford, James Thornton, Norfolk Southern Corporation, and Norfolk Southern Railway Company | 1:06-2104-24 |
| Raymond Glenn Coon and Deborah Coon v. Norfolk Southern Railway Company | 1:05-148-24 |
| George W. Crocker v. Norfolk Southern Corporation | 1:06-1389-24 |
| Linda Maxine Deal v. Norfolk Southern Railway Company | 1:05-253-24 |
| Quinney Dederscheck v. Norfolk Southern Railway Company; Olin Corporation; Union Tank Car Company; and Rhodia, Inc. | 1:06-1739-24 |
| Arthur W. Doolittle v. Norfolk Southern Corporation | 1:06-1390-24 |
| Lonnie J. Fogarty v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1313-24 |
| Evelyn R. Griffin v. Norfolk Southern Railway Company | 1:05-592-24 |
| Coy D. Harvey v. Norfolk Southern Railway Company; Olin Corporation; Union Tank Car Company; and Rhodia, Inc. | 1:06-1738-24 |
| Kathy W. Harvey v. Norfolk Southern Railway Company; Olin Corporation; Union Tank Car Company; and Rhodia, Inc. | 1:06-1736-24 |
| Wendell Herrin v. Norfolk Southern Corporation; Norfolk Southern Railway Company; Union Tank Car Company; Olin Corporation; Benjamin Aiken, Mike Ford, and James Thornton | 1:06-1747-24 |

1

| | |
|---|---|
| Michael A. Hyatt v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1314-24 |
| Gary W. Ingram v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1316-24 |
| Rodney Bakari Johnson v. Norfolk Southern Railway Company | 0:05-209-24 |
| John Henry Laird, Sr. and Sara Craig-Kennebeck, as Personal Representatives for the Estate of John Henry Laird, Jr. v. Norfolk Southern Corporation, Norfolk Southern Railway Company, Benjamin Aiken, Mike Ford and James Thornton | 1:06-1440-24 |
| Michael D. Lambert v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1325-24 |
| Lamar Ledford v. Norfolk Southern Corporation; Norfolk Southern Railway Company; Union Tank Car Company; Olin Corporation; Benjamin Aiken, Mike Ford, and James Thornton | 1:06-1749-24 |
| Wyman B. Maroney v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1318-24 |
| Nathaniel Massey v. Norfolk Southern Railway Company | 1:05-598-24 |
| Daniel K. Maybee v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1322-24 |
| Midwest Employers Casualty Company v. Norfolk Southern Railway Company | 1:06-2090-24 |
| Curtis Mitchell v. Norfolk Southern Railway Company | 1:05-596-24 |
| Mark A. Morgan v. Norfolk Southern Corporation | 1:06-1394-24 |
| Sonny E. Morris v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1317-24 |
| Frederick Ofori and Tracy Ofori v. Norfolk Southern Railway Company | 1:05-254-24 |
| Joshua Pool v. Norfolk Southern Corporation | 1:06-***-24 |
| Edward Richardson v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1324-24 |
| Seymore Ross, Jr. v. Norfolk Southern Corporation; Norfolk Southern Railway Company; Union Tank Car Company; Olin Corporation; Benjamin Aiken, Mike Ford, and James Thornton | 1:06-1746-24 |
| Frances Ann Self, Individually and on | 1:06-1730-24 |

2

| | |
|---|---|
| behalf of others similarly situated, and Sandra G. Gantt, Individually and on behalf of others similarly situated v. Norfolk Southern Corporation and Norfolk Southern Railway Company | |
| Leroy Simmons, Sr. v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1310-24 |
| John Tillman v. Norfolk Southern Corporation | 1:06-1391-24 |
| Carson M. Watson v. Norfolk Southern Railway Company | 1:05-256-24 |
| Robert W. Weathers, Jr. v. Norfolk Southern Corporation and Norfolk Southern Railway Company | 1:06-1320-24 |
| James C. Whaley v. Norfolk Southern Railway Company; Olin Corporation; Union Tank Car Company; an Rhodia, Inc. | 1:06-1740-24 |
| Samantha Wood v. Norfolk Southern Corporation; Norfolk Southern Railway Company; Union Tank Car Company; Olin Corporation; Benjamin Aiken, Mike Ford, and James Thornton | 1:06-1748-24 |